PEOPLE v ELOWE

Docket No. 77-4351. Submitted April 10, 1978, at Lansing.—Decided September 20, 1978.

Nadir Elowe was charged in a two-count information with delivery of a controlled substance and possession of a firearm in the commission of a felony. The Oakland Circuit Court, Francis X. O'Brien, J., granted the defendant's motion to quash the felony-firearm charge and an order to that effect was entered. Defendant thereafter pled guilty to the controlled substance violation. The people appeal. *Held:*

The felony-firearm statute applies to a person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony. There is no requirement for a nexus between the felony and the firearm. The felony-firearm statute may act to deter the underlying felony itself by punishing the possession as opposed to the use of a firearm during the commission of a felony. The felony-firearm statute applies to all felonies, except those specifically excluded by the statute.

Reversed.

1. CRIMINAL LAW—FELONY-FIREARM—NEXUS—STATUTES.

The felony-firearm statute applies to a person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony not exempted by the statute; the statutory language imposes no requirement for a nexus between the felony and the firearm (MCL 750.227b; MSA 28.424[2]).

2. STATUTES—JUDICIAL CONSTRUCTION—CLEAR AND UNAMBIGUOUS LANGUAGE.

There is no room for judicial construction when the language of a statute is clear and unambiguous.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5] 21 Am Jur 2d, Criminal Law §§ 188, 189.
    73 Am Jur 2d, Statutes § 294.
    79 Am Jur 2d, Weapons and Firearms §§ 4–7.
[2] 73 Am Jur 2d, Statutes § 194 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 272, 275.

3. CRIMINAL LAW—STATUTES—STRICT CONSTRUCTION—OVERALL CON-
   TEXT—END PURPOSES—GOAL—LEGISLATIVE INTENT.

   Penal statutes are to be strictly construed, however, this does not
   require rejection of that sense of the words which best harmo-
   nizes with the overall context of the statutes and the end
   purpose sought to be achieved by such legislation; the goal of
   judicial construction is always to facilitate the intent of the
   Legislature.

4. CRIMINAL LAW—FELONY-FIREARM—PURPOSE OF STATUTE—UNDER-
   LYING FELONIES—STATUTES.

   The purpose of the felony-firearm statute is to deter the use of
   handguns during the course of a felony and to assure the
   punishment of persons who possess handguns during the perpe-
   tration of a felony; the statute as written may act to deter the
   underlying felony itself by punishing the possession as opposed
   to the use of a firearm during the commission of the felony; the
   statute's goal of deterrence, which is essentially directed
   toward the use of firearms during felonies, may extend to the
   underlying felony itself, by virtue of the prohibition against the
   possession of a firearm during the course of a felony (MCL
   750.227b; MSA 28.424[2]).

5. CRIMINAL LAW—FELONY-FIREARM—EXCLUDED FELONIES—INCLUDED
   FELONIES—STATUTES.

   The felony-firearm statute applies to all felonies except those
   specifically excepted by the statute; it is a cardinal rule of
   statutory construction that express mention of one thing in a
   statute generally implies the exclusion of other similar things;
   therefore, by excluding two felonies from the scope of the
   felony-firearm statute, the Legislature, by implication, stated
   that no other felonies were to be excluded (MCL 750.227b; MSA
   28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *Lawrence J. Bunting,* As-
sistant Prosecuting Attorney, for the people.

Before: DANHOF, C. J., and BRONSON and CYNAR,
JJ.

CYNAR, J. This case is concerned with the legislative intent behind the recently enacted MCL 750.227b; MSA 28.424(2), commonly referred to as the "felony-firearm statute".

On January 20, 1977, defendant was charged in a two-count information with the offense of delivery of a controlled substance, MCL 335.341(1)(b); MSA 18.1070(41)(1)(b). The second count charged him with possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). A preliminary examination was held on January 14, 1977, after which defendant was bound over for trial. On April 20, 1977, defendant filed a motion to dismiss Count II and a supplemental motion to quash the same count was filed on July 25, 1977. After a hearing held on August 16, 1977, the trial court granted defendant's motion to quash and an order to that effect was filed on September 19, 1977. Subsequently, defendant pled guilty to Count I and on October 11, 1977, was sentenced to two years probation. The prosecutor now appeals as of right the trial court's decision quashing Count II of the information.

The basis for the trial court's decision to quash was that there was no "nexus or link between the act of possession of the firearm and the perpetration of the felony". Other constitutionally-based challenges to the statute were not addressed by the trial judge. The court's conclusion as to the lack of "nexus" is based upon the testimony of the arresting officers at the preliminary examination. Officer Fred Earnshaw of the Royal Oak Police Department testified that on January 6, 1977, he purchased 50 "hits" of "THC" from defendant for $25. It was stipulated at the preliminary hearing that the substance purchased was actually phencyclidine (PCP). Immediately after the purchase other Royal Oak police officers entered the store

and arrested defendant. Officer Robert Lovejoy testified that, during a patdown search made incident to the arrest, a loaded pistol was found on defendant's person. There is no evidence that this pistol was used or brandished during the sale to Officer Earnshaw.

MCL 750.227b; MSA 28.424(2) reads as follows:

"(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

"(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

"(3) The term of imprisonment imposed under this section shall not be suspended. The person subject to the sentence mandated by this section shall not be eligible for parole or probation during the mandatory term imposed pursuant to subsection (1)."

Apparently, the trial judge interpreted § 1 of this statute to require some sort of connection between the felony and the pistol. We are sympathetic to the plight of trial judges who are presently called upon to interpret and apply this heretofore uninterpreted statute. However, we hold that the statute, as written, was meant to apply to the situation at hand and that no nexus between the felony and firearm need be established.

The felony-firearm statute applies to a person

who "carries or has in his possession a firearm at the time he commits or attempts to commit a felony". The statutory language imposes no requirement of a nexus between the felony and the firearm. When the language of a statute is clear and unambiguous, there is no room for judicial construction. *Hughes v Detroit,* 336 Mich 457, 459; 58 NW2d 144 (1953), *Ypsilanti Police Officers Ass'n v Eastern Michigan University,* 62 Mich App 87, 92; 233 NW2d 497 (1975). Although penal statutes are to be strictly construed,[1] this does not require rejection of

"that sense of the words which best harmonizes with the overall context of the statutes and the end purpose sought to be achieved by such legislation." *People v Hall,* 391 Mich 175, 190; 215 NW2d 166 (1974), *People r Dempster,* 396 Mich 700, 707; 242 NW2d 381 (1976).

The goal is always to facilitate the intent of the Legislature. *People v Clark,* 21 Mich App 712, 715; 176 NW2d 427 (1970), *Aikens v Dep't of Conservation,* 387 Mich 495, 499; 198 NW2d 304 (1972).

The purpose of the felony-firearm statute is to deter the use of handguns during the course of a felony and to assure the punishment of persons who possess handguns during the perpetration of a felony. The goal of deterrence is better achieved without adding the requirement of a "nexus" between the firearm and the felony. By punishing the "possession", as opposed to "use", of a firearm during the commission of a felony, the Legislature

---

[1] However, note MCL 750.2; MSA 28.192 which reads:

"The rule that a penal statute is to be strictly construed shall not apply to this act or any of the provisions thereof. All provisions of this act shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." Also note *People v Johnnie W. Jones,* 12 Mich App 293, 295; 162 NW2d 847 (1968), and *People v Hester,* 24 Mich App 475, 481; 180 NW2d 360 (1970), which rely upon this statute in interpreting penal statutes.

was attempting to reduce the possibility of injury to victims, passersby and police officers. Had defendant's criminal enterprise gone awry, he may well have been tempted to use his firearm to effect an escape. The mere fact that a felon has a firearm at his disposal, should he need it, creates a sufficient enough risk to others that it is within the state's power to punish its possession.[2] Moreover, the statute as written may act to deter the felony itself. Certainly some prospective felons may lack the courage to even attempt the crime without the added protection of a firearm. Thus, the statute's goal of deterrence, which is essentially directed toward the use of firearms during felonies, may extend to the felony itself, by virtue of the prohibition against the *possession* of a firearm during the course of a felony. This additional deterrence is both desirable and consistent with the goals of the criminal law generally.

This Court's rejection of the requirement of a "nexus" between the firearm and the felony is further supported by the statute's legislative history. The felony-firearm statute was introduced on April 24, 1975, as House Bill 5073. Prior to that time, several other similar bills had been introduced in the House of Representatives.[3] Two of these proposed bills[4] punished persons who *used* a

---

[2] The same rationale can be used to justify other "possessory" offenses in the Michigan Penal Code, *e.g.* MCL 750.211a; MSA 28.408(1) (explosive devices), MCL 750.224a; MSA 28.421(1) (electrical or laser weapons), MCL 750.227; MSA 28.424 (concealed weapons), and MCL 750.243a; MSA 28.440(1) (fireworks). See also *Detroit v Wedlow,* 17 Mich App 134, 139; 169 NW2d 145 (1969), where the court noted that "a legislative body can make even innocent acts unlawful if these acts have a tendency to affect or endanger the public in connection with health, safety, morals, or general welfare."

[3] These were House Bills 4076, 4163, 4216, 4266, 4744, and 4787.

[4] House Bill 4076, introduced on January 27, 1975, applies to crimes generally, while House Bill 4216, introduced on February 4, 1975, is limited to felonies. Both contain language punishing the *use* of firearms, as well as carrying firearms.

firearm to commit a crime or felony. Although not adopted, these proposals indicate that the Legislature did consider statutes which would have punished use and not possession. Their rejection of these alternative proposals is a tacit rejection of the nexus approach relied upon by the trial judge. Indeed, their adoption of House Bill 5073 which applies to persons who carry *or* possess firearms is a further rejection of this approach.

In declaring the statute inapplicable to the present case, the trial judge noted the potentially absurd results that could occur if the statute were applied to certain felonies. It is true that applying the statute to some felonies may result in a somewhat harsh result. However, it is not this Court's rule to pass upon the wisdom of a statutory enactment. *Alexander v Employment Security Comm,* 4 Mich App 378, 383; 144 NW2d 850 (1966). Moreover, as noted above, the result is not so "absurd", since applying the statute to all felonies reduces the chances that the firearm will be used and acts to deter the underlying felony as well.

The legislative history of the statute supports its application to the felony charged in the present case. During House consideration of House Bill 5073, it was proposed that the bill be amended so as to apply only to certain enumerated felonies.[5] This proposed amendment was defeated.[6] This indicates that the Legislature rejected an approach whereby the applicable felonies would be listed. Rather, they adopted a statute applicable to all felonies, with two specific exceptions. The statute,

---

[5] Included on this list were murder, kidnapping, abduction, criminal sexual conduct, extortion, arson, breaking and entering, robbery, burglary, delivery of a controlled substance and assault. See 50 HJ 1267 (May 1, 1975).

[6] The amendment was defeated by a vote of 55–35. Note too that delivery of a controlled substance, the felony involved here, was one of the enumerated felonies listed in the amendment.

as enacted, excludes the felonies set out in §§ 227[7] and 227a.[8] It is a cardinal rule of statutory construction that express mention of one thing in a statute generally implies the exclusion of other similar things. *People v Malik,* 70 Mich App 133, 136; 245 NW2d 434 (1976), *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971). Thus, by excluding two felonies from the scope of the felony-firearm statute, the Legislature, by implication, stated that no further felonies were to be excluded.

In reversing the trial court and remanding this case for trial we note that defendant raised numerous other challenges to MCL 750.227b; MSA 28.424(2) before the trial judge. However, since the trial judge has yet to rule on these points, we decline to address them at this time.[9] *Hernandez v Consumers Power Co,* 51 Mich App 288, 291; 214 NW2d 846 (1974), *Diggs v State Board of Embalmers and Funeral Directors,* 321 Mich 508, 513; 32 NW2d 728 (1948).

Reversed and remanded.

[7] MCL 750.227; MSA 28.424 (carrying a concealed weapon).

[8] MCL 750.227a; MSA 28.424(1) (carrying licensed pistol beyond the scope of the license).

[9] We note that challenges to the same statute have been raised in other cases before this Court. *See Wayne County Prosecutor v Recorder's Court Judge,* 85 Mich App 727; 272 NW2d 587 (1978), and *People v McDowell,* 85 Mich App 697; 272 NW2d 576 (1978).