PEOPLE v GLENN

Docket No. 58518. Submitted September 15, 1982, at Grand Rapids.—
    Decided October 20, 1982.

Tyrone E. Glenn was bound over for trial in Detroit Recorder's
    Court on charges of assault with intent to commit great bodily
    harm less than murder and possession of a firearm in the
    commission of a felony. The trial court, Clarence Laster, Jr., J.,
    granted defendant's motion to dismiss the felony-firearm
    charge, after which defendant pled guilty to a reduced charge
    of felonious assault. The court in dismissing the felony-firearm
    charge ruled that, because defendant used the pistol he pos-
    sessed at the time of the assault as a bludgeon, the felony-
    firearm statute did not apply. The people appeal the dismissal
    of the felony-firearm charge by leave granted. *Held:*

    The trial court erred in dismissing the felony-firearm charge.
    When a defendant has a firearm in his possession while com-
    mitting a felony or where, as here, he uses the firearm as a
    striking instrument to accomplish the felony, his conduct falls
    within the ambit of the statute which prohibits the possession
    of a firearm during the commission of a felony.

    Reversed and remanded for trial on the felony-firearm
    charge.

1. CRIMINAL LAW — FELONY-FIREARM — NEXUS — STATUTES.

    The felony-firearm statute applies to a person who carries or has
    in his possession a firearm at the time he commits or attempts
    to commit a felony not exempted by the statute even though he
    did not use the weapon during the perpetration or attempted
    perpetration of the felony; the statutory language imposes no
    requirement for a nexus between the felony and the firearm
    (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — FELONY-FIREARM — STATUTES.

    The purpose of the felony-firearm statute is to deter the use of
    handguns during the course of a felony and to assure the
    punishment of persons who possess handguns during the perpe-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 79 Am Jur 2d, Weapons and Firearms § 30.

tration of a felony; the statute as written may act to deter the underlying felony itself by providing a penalty for the possession as opposed to the use of a firearm during the commission of the felony; the statute's goal of deterrence, which is essentially directed toward the use of firearms during felonies, may extend to the underlying felony itself by virtue of the prohibition against the possession of a firearm during the course of a felony (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Mary Ellen O'Connell,* for defendant.

Before: BRONSON, P.J., and BEASLEY and CYNAR, JJ.

PER CURIAM. After a preliminary examination held on February 23, 1981, defendant, Tyrone E. Glenn, was bound over for trial on charges of assault with intent to commit great bodily harm less than murder, in violation of MCL 750.84; MSA 28.279, and possession of a firearm in the commission of a felony, in violation of MCL 750.227b; MSA 28.424(2). On March 20, 1981, the trial court granted defendant's motion to dismiss the felony-firearm count. Thereafter, defendant pled guilty to the lesser included offense of felonious assault, in violation of MCL 750.82; MSA 28.277, and, on April 6, 1981, he was sentenced to two years probation, with the last six months to be served in the county jail.[1] From the trial court's dismissal of the felony-firearm charge, the prosecutor appeals by delayed appeal granted.

---

[1] On January 13, 1982, defendant pled guilty to violation of probation, MCL 771.4; MSA 28.1134, and was sentenced to serve not less than one year nor more than four years in prison.

At the preliminary examination, the complainant, Lamont Horne, testified that on the afternoon of February 6, 1981, defendant stabbed him with an ice pick and repeatedly struck him on the head with a small caliber pistol. In dismissing the felony-firearm charge, the trial judge ruled that defendant's employment of the pistol as a bludgeon did not constitute conduct proscribed by the felony-firearm statute.

On appeal, the prosecutor maintains that the trial court erred in dismissing the charge since the felony-firearm statute prohibits the possession, rather than the use, of a firearm at the time of the commission or attempted commission of a felony. Defendant responds that the statute is inapplicable to instances where an assailant uses a firearm as a bludgeon.

Resolution of this issue is controlled adversely to defendant by *People v Elowe,*[2] where this Court, in a well-reasoned opinion, held that if a defendant had possession of a firearm at the time he committed or attempted to commit a felony, the felony-firearm statute applies even though the defendant did not use the weapon during the perpetration or attempted perpetration of a felony. In *Elowe,* the defendant was charged in a two count information with delivery of a controlled substance and possession of a firearm in the commission of a felony. The trial court dismissed the felony-firearm count because it found that no connection existed between the act of possession of the firearm and the commission of the felony. In reinstating the felony-firearm charge, the *Elowe* Court stated:

"The purpose of the felony-firearm statute is to deter the use of handguns during the course of a felony and

---

[2] 85 Mich App 744; 272 NW2d 596 (1978).

to assure the punishment of persons who possess handguns during the perpetration of a felony. The goal of deterrence is better achieved without adding the requirement of a 'nexus' between the firearm and the felony. By punishing the 'possession', as opposed to 'use', of a firearm during the commission of a felony, the Legislature was attempting to reduce the possibility of injury to victims, passersby and police officers. Had defendant's criminal enterprise gone awry, he may well have been tempted to use his firearm to effect an escape. The mere fact that a felon has a firearm at his disposal, should he need it, creates a sufficient enough risk to others that it is within the state's power to punish its possession. Moreover, the statute as written may act to deter the felony itself. Certainly some prospective felons may lack the courage to even attempt the crime without the added protection of a firearm. Thus, the statute's goal of deterrence, which is essentially directed toward the use of firearms during felonies, may extend to the felony itself, by virtue of the prohibition against the *possession* of a firearm during the course of a felony. This additional deterrence is both desirable and consistent with the goals of the criminal law generally."[3] (Footnote omitted. Emphasis in original.)

Similarly, in *People v McGore*,[4] We held that the defendant's possession of a firearm while committing the felony of possession of heroin fell within the scope of the felony-firearm statute.

Accordingly, based on the foregoing cases, we conclude that the trial court herein erred in dismissing the felony-firearm charge. When a defendant has a firearm in his possession while committing a felony or where, as here, he uses the firearm as a striking instrument to accomplish the felony, his conduct falls within the ambit of the

---

[3] 85 Mich App 744, 748-749.

[4] 88 Mich App 259; 277 NW2d 1 (1979), *modified* 406 Mich 1019 (1979).

statute which prohibits the possession of a firearm during the commission of a felony.

Reversed and remanded for trial on the felony-firearm charge.