PEOPLE v GRAHAM

Docket No. 60353. Submitted January 11, 1983, at Detroit.—Decided March 3, 1983.

Jerald P. Graham was convicted of delivery of heroin and of felony-firearm following a bench trial in Recorder's Court of Detroit, Henry L. Heading, J. Prior to trial, defendant moved to quash the information or, in the alternative, for disqualification of the trial judge. Judge Heading denied the motion to quash. Defense counsel then urged that Judge Heading disqualify himself because he had read the preliminary examination transcript and defendant intended to waive jury trial. Judge Heading denied the motion for disqualification, indicating that he had not read the preliminary examination transcript but had rather denied the motion to quash as a matter of law on the basis of the alleged facts in the motion to quash. Six months later, on the day of trial, defendant waived his right to a jury trial. The complainant testified that the defendant held a gun during the entire transaction. Defendant testified and conceded that he had pointed a gun at the complainant when the complainant entered the apartment in which the delivery of the heroin occurred but claimed that he had put down the gun during the delivery of the heroin. Defendant appeals. *Held:*

1. Since the trial court did not read the preliminary examination transcript, the trial court properly denied the motion for disqualification.

2. There was sufficient evidence to justify the trial judge's determination, as the trier of fact, that the defendant possessed the gun during the commission of the felony of delivery of heroin. The trial court's findings of fact cannot be said to be clearly erroneous.

3. The felony-firearm statute does not unconstitutionally infringe upon the defendant's right to bear arms. The constitutional right to bear arms does not encompass the right to possess a firearm during the commission of a felony.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 79 Am Jur 2d, Weapons and Firearms §§ 24, 29.
[2] 79 Am Jur 2d, Weapons and Firearms §§ 4, 24.

1. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE — FELONY-FIREARM.

There is sufficient evidence to support a finding of guilty beyond a reasonable doubt of possession of a firearm during the commission of the felony of delivery of heroin where the defendant admits pointing a firearm at the complainant but denies possession of the firearm during the actual delivery of the heroin and the complainant testifies that the firearm was held during the entire transaction (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO BEAR ARMS — FELONY-FIREARM.

The felony-firearm statute does not unconstitutionally infringe upon a person's right to bear arms; the constitutional right to bear arms does not encompass the right to possess a firearm during the commission of a felony (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

PER CURIAM. In a bench trial on June 19, 1981, defendant, Jerald Philander Graham, was convicted as charged of delivery of heroin, MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a), and of possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). After being sentenced to not less than 2 years nor more than 20 years in prison on the underlying felony and a consecutive 2 years on the felony-firearm charge, defendant appeals as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

The convictions arose from events of October 26, 1980, when the complainant, an undercover officer of the Detroit Police Department, appeared at defendant's apartment to purchase heroin. According to complainant's trial testimony, immediately after defendant and he were inside the apartment, defendant removed a revolver from his right side and pointed it at complainant's chest. After inquiring about the identity of the person who sent complainant to make the purchase, defendant handed two packets of heroin to the undercover officer with his left hand while holding the handgun in his right hand.

Testifying on his own behalf, defendant conceded delivering the heroin to complainant but claimed that he only had possession of the firearm when he admitted complainant into the apartment. He denied holding the firearm at the time of the delivery and stated that the reason he armed himself prior to opening the door was for protection.[1]

On appeal, defendant raises three issues. First, he maintains that the trial judge erred in refusing to disqualify himself, upon defendant's motion, as a result of having read the preliminary examination transcript in order to rule upon defendant's pretrial motion to quash the felony-firearm count. Relying on *People v Ramsey,*[2] defendant asserts that where a trial judge sits as the trier of fact in a nonjury trial the judge must disqualify himself, upon a timely motion, if he read the preliminary examination transcript in order to rule upon a motion to quash the information.

---

[1] Defendant's motion to dismiss the felony-firearm count at the conclusion of the prosecutor's proofs was denied.

[2] 385 Mich 221; 187 NW2d 887 (1971).

In denying defendant's pretrial motion to dismiss, the trial judge found that a factual question was raised. Contrary to defendant's assertions, the record reflects that the trial court did not read the preliminary examination transcript:

"*Mr. Elsey [defense counsel]:* Your Honor, in the alternative we would ask that the court disqualify itself from being the trier of fact in this case because Mr. Graham would proceed, in denial of the motion, for a bench trial before your alternate judge.

"*The Court:* Wait, now bring that by me again.

"*Mr. Elsey:* As paragraph 2 of the motion indicated, your Honor, in the alternative Mr. Graham prays that in the event that count IV is not quashed, this honorable court disqualify itself from being the trier of fact.

"*The Court:* Why?

"*Mr. Elsey:* We would think upon reading the transcript—

"*The Court:* I haven't read it.

"*Mr. Elsey:* How can you deny it?

"*The Court:* I can deny it as a matter of law.

"*Mr. Elsey:* This motion is based upon the transcript.

"*The Court:* You tole [sic] me that, I assumed that was in there, I haven't read the transcript, I don't have the file, I had to ask for the file.

"*Mr. Elsey:* I understand what the court is saying, but the transcript, the motion speaks for itself, it says this transcript is and was requested and the motion herein is based upon said transcript as it pertains to count IV only.

"*The Court:* How do you get around—I have not read the transcript. You can put anything you want in the motion, you could have put in there that I read it."

Consequently, the trial judge was not obligated to disqualify himself from hearing defendant's case. We note that defendant did not waive his

right to a jury trial[3] until the day of trial, six months subsequent to the hearing on his pretrial motions.[4]

Defendant next claims that the trial court erred in finding him guilty of the felony-firearm charge, since the evidence adduced at trial was insufficient to establish guilt beyond a reasonable doubt.

Our reading of the record convinces us that sufficient evidence was presented by the prosecutor to justify a fact-finder in reasonably concluding that defendant possessed a firearm while committing the principal offense of delivery of heroin. At trial, defendant conceded that he pointed a handgun at complainant; however, he claimed that he set the weapon down before he delivered the two packets of heroin to complainant. Since complainant testified that defendant held the handgun throughout the transaction, a question of fact was raised for the fact-finder, which was decided adversely to defendant. We conclude that the trial judge's findings of fact were not clearly erroneous.

After considering defendant's challenge to the felony-firearm statute as unconstitutionally infringing upon his right to bear arms,[5] we find it to be without merit. A right to bear arms does not

---

[3] MCL 763.3; MSA 28.856 specifies the circumstances under which a defendant may effectively waive his right to a jury trial. See, also, 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 558, pp 52-56.

[4] The Supreme Court in *People v Dixson,* 403 Mich 106, 109; 267 NW2d 423 (1978), held that the burden of moving to disqualify a judge who read the preliminary examination transcript before trial is placed on the defendant. In fact, the *Dixson* Court articulated the requirement that the motion be made in a timely manner:

"If he fails to do so, and, indeed, fails to do so sufficiently in advance of trial so that another judge can be assigned, that is a factor which the judge can consider in deciding whether to grant the motion to disqualify."

[5] US Const, Am II. In *People v Brown,* 253 Mich 537; 235 NW 245 (1931), the Court held that the state possesses police power to regulate the right to carry weapons.

encompass the possession of a firearm during the commission of a felony.[6]

Affirmed.

---

[6] See *People v Elowe,* 85 Mich App 744, 748-749; 272 NW2d 596 (1978), for a comprehensive, incisive analysis of the purpose of the felony-firearm statute. Like in the within matter, the defendant in *Elowe* was convicted of delivery of heroin and possession of a firearm in the commission of a felony. See, also, *People v Glenn,* 122 Mich App 675; 332 NW2d 404 (1982), where this Court applied the felony-firearm statute to an instance where the defendant used the firearm as an instrument in committing a felonious assault.