PEOPLE v MONROE

PEOPLE v MORRIS

Docket No. 66345. Submitted April 14, 1983, at Detroit.—Decided
    August 2, 1983.

Timothy S. Monroe and Torrondo Morris were each charged with
    felonious assault and felony-firearm. The Recorder's Court of
    Detroit, Michael J. Talbot, J., dismissed the felony-firearm
    charge and accepted the defendants' pleas of guilty to the
    felonious assault count. The felony-firearm count was dismissed
    by Judge Talbot on equal protection grounds, holding that,
    since the prosecutor had failed to pursue the dismissal of a
    felony-firearm charge in a different case, the bringing of the
    felony-firearm charges against these defendants constituted
    selective enforcement which denied these defendants their
    right to equal protection of the law. The people appeal by leave
    granted. *Held:*

The circuit court has no supervisory power over the prose-
    cutor. The prosecutor generally has the discretion to determine
    whether to bring charges and, if charges are brought, to deter-
    mine the charges which will be brought. The fact that the
    prosecutor exercises selectivity in bringing charges does not
    violate the constitutional right to equal protection unless such
    selectivity is the product of clear and intentional discrimination
    on the basis of some unjustifiable standard such as race, reli-
    gion or some other arbitrary classification. Since there was no
    showing of such discrimination in the present case, the trial
    judge erred in dismissing the felony-firearm charges.

Reversed and remanded.

1. COURTS — PROSECUTORS — PROSECUTORIAL DISCRETION.
    A circuit court does not have supervisory power over a prosecut-
    ing attorney; whether to prosecute and what charge to file are
    decisions that generally rest in the prosecutor's discretion.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 63 Am Jur 2d, Prosecuting Attorneys § 26.
[2] 16A Am Jur 2d, Constitutional Law §§ 794, 802 *et seq.*
[3] 79 Am Jur 2d, Weapons and Firearms §§ 5, 24.

2. Criminal Law — Equal Protection — Prosecutors.

    The exercise of selectivity by a prosecutor in bringing charges does not in itself give rise to a denial of the constitutional right to equal protection of the laws; a denial of equal protection occurs only where there is a showing of clear and intentional discrimination on the basis of race, religion or some other arbitrary classification by the prosecutor in his determination of whether to bring charges and the nature of the charges to be brought.

3. Criminal Law — Felony-Firearm — Nexus — Statutes.

    The felony-firearm statute applies to a person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony not exempted by the statute even though he did not use the weapon during the perpetration or attempted perpetration of the felony; the statutory language imposes no requirement for a nexus between the felony and the firearm (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy A. Baughman,* Principal Attorney, Research, Training and Appeals, for the people.

*Steven R. Sonenberg,* for defendant Monroe.

*Edmund W. Tropp,* for defendant Morris.

Before: T. M. Burns, P.J., and R. M. Maher and Cynar, JJ.

Per Curiam. Defendants were charged with felonious assault, MCL 750.82; MSA 28.277, and felony-firearm, MCL 750.227b; MSA 28.424(2). At a bench trial, defendants moved for a directed verdict on both counts. The trial court dismissed the felony-firearm charges but found defendants guilty of felonious assault. Defendant Morris was sentenced to six months and defendant Monroe was

sentenced to one year in the county jail. The people appeal by leave granted.

At trial, the court granted defendants' motion for directed verdict on the felony-firearm charges on equal protection grounds. The court raised the issue of equal protection *sua sponte.* The court briefly discussed a case in which a Dearborn police officer had been charged with second-degree murder and felony-firearm. According to the trial court, the officer had pursued an individual into Detroit and bludgeoned the victim to death with his pistol. The felony-firearm count against the officer was dismissed, and the prosecutor failed to appeal the dismissal. The trial court decided that, in light of the Dearborn police officer case, defendants were not being equally treated and it was an abuse of prosecutorial discretion to charge defendants with felony-firearm. For this reason, the court dismissed the felony-firearm charges against defendants.

A circuit judge does not enjoy supervisory power over a prosecuting attorney. *Genesee Prosecutor v Genesee Circuit Judge, 391 Mich 115, 121; 215 NW2d 145 (1974). Whether to prosecute and what charge to file are decisions that generally rest in the prosecutor's discretion. United States v Batchelder,* 442 US 114, 124; 99 S Ct 2198; 60 L Ed 2d 755 (1979). Selectivity in enforcement is not in itself a constitutional violation. Selection must be based on an unjustifiable standard such as race, religion or other arbitrary classification in order to constitute a violation. *Oyler v Boles,* 368 US 448, 456; 82 S Ct 501; 7 L Ed 2d 446 (1962). There must be a showing of clear and intentional discrimination. *Snowden v Hughes,* 321 US 1, 8; 64 S Ct 397; 88 L Ed 497 (1943). The trial record does not show the existence of these elements of an equal protec-

tion argument. At most, the trial court found that defendants had been prosecuted despite the fact that the prosecution of a police officer on a similar charge had not been carried through to the appellate level. In fact, the general policy had been to bring and prosecute felony-firearm charges in all instances where a crime with a handgun had been committed.

There was no showing that the prosecutor had intentionally discriminated against defendants or that the prosecutor had discriminated on the basis of any suspect classification. Because the record does not reflect an equal protection violation, the trial court erroneously dismissed the felony-firearm count against each defendant.

We also direct the parties' attention to *People v Glenn,* 122 Mich App 675; 332 NW2d 404 (1982). The Court in *Glenn* held that, when a defendant has a firearm in his possession while committing a felony or when a defendant uses the firearm as a striking instrument to accomplish the felony, the defendant's conduct falls within the ambit of the statute which prohibits the possession of a firearm in the commission of a felony. See, also, *People v Elowe,* 85 Mich App 744; 272 NW2d 596 (1978).

Reversed and remanded for further proceedings consistent with this opinion.