# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 11, 2017

v

DAVID LEE SWANIGAN,

Defendant-Appellant.

No. 330271
Oakland Circuit Court
LC No. 2015-254287-FC

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

A jury convicted defendant of being a felon in possession of a firearm (felon in possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, but acquitted him of armed robbery and a second felony-firearm charge connected with that offense. Defendant challenges the trial court's failure to appoint substitute counsel before trial, the sufficiency of the evidence supporting his convictions, the constitutionality of denying felons the right to bear arms, and the accuracy of his presentence investigation report. We affirm.

## I. BACKGROUND

On the afternoon of April 3, 2015, a man attempted to steal a purse from an elderly woman, JA, walking in a Ferndale residential area. JA refused to let go of her handbag and the man dragged her to the entrance alcove of a nearby apartment building. During the struggle, the would-be robber pulled out a handgun and placed it to JA's head. A man driving by intercoded and the perpetrator ran away. The witnesses described the suspect as a muscular African-American man, approximately six feet tall, wearing a black hooded sweatshirt and black pants. The driver who interrupted the attack described the handgun as a .32 or .38 caliber.

Within two to three minutes of the offense, police canvassed the area. One officer noticed defendant, who fit the description of the suspect. When the officer ordered defendant to stop, defendant ran away. The officer gave chase on foot and defendant led him into oncoming traffic on Woodward Avenue. During this pursuit, defendant threw a cell phone under a parked vehicle. He then disposed of a metal object by throwing it on the roof of a restaurant. The object was later retrieved and proved to be a .32-caliber handgun. The officer eventually apprehended defendant and placed him under arrest. An officer showed defendant's black hooded sweatshirt to JA, who indicated that it looked like the one worn by her attacker.

-1-

Based on this evidence, the jury acquitted defendant of armed robbery and a felony-firearm charge, but convicted him of being a felon in possession along with that charge's underlying felony-firearm offense. Defendant now appeals.

## II. RIGHT TO COUNSEL

Defendant contends that he was denied his right to the effective assistance of counsel and due process of law when the trial court "refused to appoint substitute counsel" after defendant complained about a breakdown in the attorney-client relationship.

At a pretrial hearing on June 8, 2015, defendant's appointed counsel notified the court that defendant did not want him to pursue any potential plea bargain in this case. Defendant interjected, "At this point in time I feel like - - I'm trying to get another attorney to represent me at this point in time." After discussing the issue with his family, defendant came to the conclusion that his appointed counsel "has been ineffective to me right now, up to this point." The court expressed surprise, but allowed defendant an opportunity to find replacement counsel: "[W]hat I will do today is I will set a trial date. Between now and then, if you wish to retain counsel, do so. Otherwise Mr. Correll will continue to represent you. . . ." After setting trial for September 29, the court warned defendant, "[I]f you do wish to seek retained counsel please don't wait til [sic] the last minute." Defendant indicated that he understood the trial court's advice.

We generally review for an abuse of discretion a trial court's decision on a motion for substitution of counsel. *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001).

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. [*People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991).]

Here, defendant never requested substitute counsel. Accordingly, the trial court had no reason to exercise its discretion to consider whether appointed counsel should be replaced. Rather, defendant indicated that he was "trying to get another attorney," suggesting that he had contacted other local attorneys in an attempt to find the right fit for him. The court advised defendant of his right to hire his own attorney and defendant never clarified that he actually desired replacement appointed counsel. On this record, we discern no error on the court's part.

## III. RIGHT TO BEAR ARMS

Defendant also asserts that his convictions of being a felon in possession and felony-firearm violate his constitutional right to bear arms. Defendant failed to raise this issue below and our review is therefore limited to plain error affecting defendant's substantial rights. *People v Morris*, 314 Mich App 399, 403-404; 886 NW2d 910 (2016). Overall, however, we presume that statutes are constitutional and will only overrule the Legislature's enactments if the statute's "unconstitutionality is clearly apparent." *People v Deroche*, 299 Mich App 301, 305; 829 NW2d 891 (2013).

This Court has already addressed the constitutional challenge raised by defendant. In *People v Powell*, 303 Mich App 271; 842 NW2d 538 (2013), this Court considered the constitutionality of the felony-firearm statute. In upholding the statute, this Court reasoned:

"Both the United States Constitution and the Michigan Constitution grant individuals a right to keep and bear arms for self-defense." [*Deroche*, 299 Mich App at 305] (quotation marks and citation omitted). However, this right is not unlimited. *Dist of Columbia v Heller*, 554 US 570, 595; 128 S Ct 2783; 171 L Ed 2d 637 (2008). Exceptions to the right to bear arms include regulation of gun possession by felons. *Deroche*, 299 Mich App at 307. Similarly, this Court has held, "[a] right to bear arms does not encompass the possession of a firearm during the commission of a felony." *People v Graham*, 125 Mich App 168, 172-173; 335 NW2d 658 (1983). [*Powell*, 303 Mich App at 273.]

In *Deroche*, this Court upheld the constitutionality of the felon-in-possession statute in the face of a defendant's contention that he had the right "to bear arms in his home for purposes of self-defense." *Deroche*, 299 Mich App at 305. In so ruling, this Court noted, "At the 'core' of the Second Amendment is the right of 'law-abiding, responsible citizens to use arms in defense of hearth and home.' " *Id*. at 306, quoting *United States v Barton*, 633 F3d 168, 170 (CA 3, 2011), quoting *Heller*, 554 US at 635. The limitation of the right to "law-abiding, responsible citizens" naturally protected federal and state prohibitions on weapon possession by felons: " 'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.' " *Deroche*, 299 Mich App at 307, quoting *Heller*, 554 US at 626-627.

Defendant's constitutional claims are neither new nor unique. He does contend that this Court should not rely on *Heller* because its proclamation regarding "longstanding prohibitions on the possession of firearms by felons" was dictum. However, that ship sailed with this Court's adoption of *Heller*'s analysis in *Deroche* and *Powell*. Defendant also asserts that he was entitled to carry a handgun for self-defense pursuant to *People v Dupree*, 486 Mich 693, 712; 788 NW2d 399 (2010) (holding that "the traditional common law affirmative defense of self-defense is generally available to a defendant charged with being a felon in possession if supported by sufficient evidence"). Yet, defendant was not acting in self-defense; he was carrying a handgun while walking down the street with no threat in sight (and allegedly used that handgun in an attempt to rob an elderly woman of her purse).

Defendant finally argues that MCL 750.224f is overly broad because it prohibits law-abiding citizens from keeping firearms where a convicted felon may have direct or constructive access to them. This argument bears no relation to the facts of this case. A police officer observed defendant throw the gun onto a restaurant's roof while he ran from police. This was not a case where a defendant was unjustly accused of possessing a weapon simply because a law-abiding citizen stored a weapon within the defendant's proximity. Ultimately, defendant has posed no challenge to the constitutionality of his felony-firearm and felon-in-possession convictions warranting relief.

## IV. CORRECTION OF PSIR

Defendant urges this Court to remand for correction of his PSIR to remove the victim's impact statement and any other reference to the alleged armed robbery attempt as the jury acquitted defendant of that charge. "We review a trial court's response to a claim of inaccuracy in the PSIR for an abuse of discretion." *People v Lucey*, 287 Mich App 267, 275; 787 NW2d 133 (2010).

Relevant to this appeal, MCL 771.14(6) provides:

At the time of sentencing, either party may challenge, on the record, the accuracy or relevancy of any information contained in the [PSIR]. . . . If the court finds on the record that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record, the [PSIR] shall be amended, and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections.

"A sentencing court must respond to challenges to the accuracy of information in the presentence report; however, the court has wide latitude in responding to these challenges." *Lucey*, 287 Mich App at 275 (quotation marks and citation omitted). The sentencing court "may determine that the challenged information is accurate, accept the defendant's version, or disregard the challenged information as irrelevant." *Id*. If the sentencing court decides to exclude "the challenged information, it must indicate that it did not consider the information when fashioning the sentence and it must strike the information from the PSIR." *Id*.

Here, the information in the PSIR described the events that led to the charges against defendant. The facts underlying the armed robbery explain why the police were searching the area for a person meeting defendant's description. The challenged victim's impact statement was supported by JA's trial testimony. This information established the circumstances surrounding the offenses for which defendant was charged and therefore was appropriately included in the report. See MCR 6.425(A)(1)(b) (stating that the PSIR must include "a complete description of the offense and the circumstances surrounding it"). Moreover, the trial court was permitted to consider even criminal activities of which defendant was acquitted when "fashioning an appropriate sentence." *People v Compagnari*, 233 Mich App 233, 236; 590 NW2d 302 (1998). See also *United States v Watts*, 519 US 148, 149; 117 S Ct 633; 136 L Ed 2d 554 (1997) (holding that a court may consider at sentencing "conduct of . . . defendants underlying charges of which they have been acquitted" if established by a preponderance of the evidence). Accordingly, the court acted within its discretion in denying defendant's request to amend the PSIR.

Defendant insists, however, that the trial court did not actually rule on his objection. The record establishes that the trial court questioned defendant thoroughly regarding his objection to the information in the PSIR. The court stated that although defendant was acquitted of the armed robbery charge, it had sat through the trial and heard all the evidence. And the court assured defendant that he was being sentenced solely on the felon-in-possession and felony-firearm convictions. Defendant's complaint is without merit.

## V. SUFFICIENCY OF THE EVIDENCE

In a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant challenges the sufficiency of the evidence supporting his convictions. We review such claims de novo. *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). In doing so, we view "the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *Id*. This Court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Defendant stipulated that he had been convicted of a specified felony and had not met the eligibility requirements to again possess a firearm by April 3, 2015. But, defendant asserts, the prosecution presented inadequate evidence that he possessed a firearm. Defendant notes the lack of fingerprint evidence on the gun retrieved from the restaurant roof and the absence of police cruiser dash camera footage of him throwing the weapon. However, an officer testified that he personally observed defendant throw a metal object onto the restaurant's roof. Investigating officers found a handgun on that restaurant's roof shortly thereafter. An expert explained that innumerable factors impact whether a comparable fingerprint is left on an object. Some fingerprint "ridge structures" were found on the weapon, but not enough to compare to known samples. Although the initial portion of defendant's encounter with police was captured on dash cam footage, defendant led the officer on a foot chase far from the police cruiser before he tossed his weapon. Accordingly, there was no footage of this act to review.

As sufficient evidence supported defendant's felon-in-possession conviction, his felony-firearm conviction was also supportable. Defendant was prohibited from possessing a firearm, and there is sufficient evidence that he possessed a firearm.

We affirm.


/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra