PEOPLE v POWELL

Docket Nos. 306084 and 315767. Submitted November 8, 2013, at Detroit. Decided November 19, 2013, at 9:05 a.m.

Willie D. Powell was convicted by a jury in the Wayne Circuit Court, Daniel P. Ryan, J., of possession of a firearm during the commission of a felony (felony-firearm). The jury acquitted defendant of a charge of possession of marijuana with the intent to deliver it. Defendant appealed. (Docket No. 306084). Defendant then moved in the trial court for a new trial. The trial court, Daniel A. Hathaway, J., denied the motion. The Court of Appeals, while retaining jurisdiction, remanded the matter to the trial court for an evidentiary hearing regarding the motion for a new trial. On remand, the trial court, Daniel A. Hathaway, J., granted the motion for a new trial. The prosecution appealed by leave granted that opinion and order. (Docket No. 315767). The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. The felony-firearm statute, MCL 750.227b, does not violate defendant's right to bear arms. The right to bear arms does not encompass the possession of a firearm during the commission of a felony.

2. The trial court properly instructed the jury that it had to determine that defendant had committed the underlying felony of possession of marijuana with the intent to deliver it before it could convict defendant of the felony-firearm charge and that it was to consider each offense individually. The jury may have reached the conclusion that defendant was not guilty of possession of marijuana with the intent to deliver it under MCL 333.7401(2)(d)(*iii*), but that defendant did possess marijuana with the intent to deliver it for purposes of MCL 750.227b. A jury may reach different conclusions concerning an identical element of two different offenses.

3. There is no presumption that the trial court's ex parte communication to the jury following the jury's third note to the court prejudiced defendant. The communication was administrative in nature and defendant did not object to the instruction when made aware of it later.

4. The trial court properly determined that it had abused its discretion when it granted the prosecution's motion to exclude evidence that defendant possessed a concealed pistol license; the evidence was relevant and admissible.

5. The trial court did not abuse its discretion when it granted defendant's motion for a new trial. The trial court did not abuse its discretion when it determined that its exclusion of the evidence regarding the license materially affected defendant's right to present a defense

Affirmed.

CRIMINAL LAW — TRIAL — EX PARTE COMMUNICATIONS.

A trial court's ex parte communications with a deliberating jury may be categorized as substantive, administrative, or housekeeping; a substantive communication includes supplemental instruction on the law; a substantive communication results in a presumption of prejudice and places the burden to rebut the presumption on the prosecution; an administrative communication includes instructions that encourage the jury to continue its deliberations; an administrative communication has no presumption of prejudice and the failure to object when made aware of the communication is evidence that the instruction was not prejudicial, however, an appellate court may determine that the instruction was prejudicial to a defendant when it violated American Bar Association Standard Jury Instruction 5.4(b).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Julie A. Powell*, Assistant Prosecuting Attorney, for the people.

*The Perkins Law Group, LLC* (by *Todd R. Perkins*), for defendant.

Before: SAWYER, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM. A jury convicted defendant, Willie Dell Powell, of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to two years' imprison-

ment for the felony-firearm conviction. In Docket No. 306084, defendant appealed as of right. Defendant then moved in the trial court for a new trial. The trial court denied the motion. While retaining jurisdiction, we remanded the case to the trial court to hold an evidentiary hearing regarding defendant's motion for a new trial. On remand, the trial court granted defendant's motion for a new trial. In Docket No. 315767, the prosecution appealed by leave granted the trial court's opinion and order granting defendant's motion for a new trial. We consolidated the two appeals. We affirm the trial court's opinion and order granting defendant's motion for a new trial.

Defendant first argues that MCL 750.227b violates his constitutional right to bear arms. We disagree.

This Court reviews constitutional questions de novo. *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011). "Both the United States Constitution and the Michigan Constitution grant individuals a right to keep and bear arms for self-defense." *People v Deroche*, 299 Mich App 301, 305; 829 NW2d 891 (2013) (quotation marks and citation omitted). However, this right is not unlimited. *Dist of Columbia v Heller*, 554 US 570, 595; 128 S Ct 2783; 171 L Ed 2d 637 (2008). Exceptions to the right to bear arms include regulation of gun possession by felons. *Deroche*, 299 Mich App at 307. Similarly, this Court has held, "[a] right to bear arms does not encompass the possession of a firearm during the commission of a felony." *People v Graham*, 125 Mich App 168, 172-173; 335 NW2d 658 (1983).

Defendant argues that the felony-firearm statute is unconstitutional as applied to him, because the jury acquitted him of the charged underlying felony of possession with the intent to deliver marijuana. However, in order for the jury to have properly convicted

defendant of the felony-firearm charge, it had to first determine that he was guilty of the underlying offense of possession with the intent to deliver marijuana. Felony-firearm necessarily includes a finding that the defendant committed or attempted to commit a felony. MCL 750.227b. The trial court properly instructed the jury that it had to determine that defendant had committed the underlying felony before it could convict him of the felony-firearm charge. The trial court also emphasized that the jury was to consider each offense individually. Juries are presumed to follow their instructions. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). "[A] jury in a criminal case may reach *different* conclusions concerning an *identical* element of two different offenses." *People v Goss (After Remand)*, 446 Mich 587, 597; 521 NW2d 312 (1994) (opinion by LEVIN, J.). The jury may have reached the conclusion that defendant was not guilty of possession of marijuana with intent to deliver under MCL 333.7401(2)(d)(*iii*), but that he did possess marijuana with intent to deliver for purposes of MCL 750.227b. Therefore, despite the jury's failure to convict defendant on the charge of possession with intent to deliver marijuana, the holding in *Graham* is applicable.

Next, defendant argues that the trial court's instruction following a third note from the jury violated defendant's right to be present and have counsel at a critical stage of trial. We disagree.

This Court reviews constitutional questions de novo. *Brown*, 294 Mich App at 389. "The Sixth Amendment provides that the accused in a criminal prosecution 'shall enjoy the right . . . to have the Assistance of counsel for his defence.'" *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004), quoting US Const, Am VI. "It is well established that a total or complete

deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal." *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005). A critical stage is " 'where counsel's absence might harm defendant's right to a fair trial.' " *People v Buie (On Remand)*, 298 Mich App 50, 61; 825 NW2d 361 (2012) (citation omitted). Similarly, "[a] defendant has a [constitutional and statutory] right to be present during . . . instructions to the jury . . . and any other stage of trial where the defendant's substantial rights might be adversely affected." *People v Mallory*, 421 Mich 229, 247; 365 NW2d 673 (1984); see also MCL 768.3.

In *People v France*, 436 Mich 138, 161; 461 NW2d 621 (1990), the Michigan Supreme Court specifically addressed ex parte communications. It discouraged ex parte communications by a trial judge with a deliberating jury. Only ex parte communications that have "any reasonable possibility of prejudice" should result in a new trial. *Id*. at 162-163 (quotation marks and citation omitted). In order to determine the presumption of prejudice and the burden of showing prejudice, an appellate court should categorize the communication as substantive, administrative, or housekeeping. *Id*. at 163. A substantive communication includes "supplemental instruction on the law . . . ." *Id*. A substantive communication results in a presumption of prejudice and places the burden to rebut the presumption on the prosecution. *Id*. An administrative communication includes, "instructions that encourage a jury to continue its deliberations." *Id*. "An administrative communication has no presumption of prejudice. The failure to object when made aware of the communication will be taken as evidence that the instruction was not prejudicial." *Id*. However, an appellate court may determine that the instruction was prejudicial to a defendant because it violated American Bar Association (ABA) Standard Jury

Instruction 5.4(b). *Id.* at 164. " 'If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.['] " *People v Sullivan*, 392 Mich 324, 335; 220 NW2d 441 (1974), quoting ABA Standard Jury Instruction 5.4(b).

The trial court's instruction, following the third note, was administrative in nature. An administrative communication includes, "instructions that encourage a jury to continue its deliberations." *France*, 436 Mich at 163. The record indicates that the trial court instructed the jury to continue its deliberations until it could reach an agreement. Defendant did not object to the instruction when the trial court later raised the subject on the record. Therefore, there is no presumption that the instruction prejudiced defendant. *Id.* at 163. Furthermore, defendant's failure to object when the trial court raised the issue constitutes "evidence that the instruction was not prejudicial." *Id.* There is nothing to indicate that the trial judge said anything more than instructing the jury to continue to deliberate.

Finally, the prosecution argues that the trial court abused its discretion when it granted defendant a new trial on the basis of the exclusion of defendant's evidence regarding his possession of a concealed pistol license (CPL). We disagree.

This Court reviews a trial court's decision to refuse to admit evidence for an abuse of discretion. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). However, this Court reviews de novo whether a rule of evidence precludes admission of the evidence. *Id.* "This Court reviews for an abuse of discretion a trial court's

decision to grant or deny a motion for a new trial. An abuse of discretion occurs when the trial court renders a decision falling outside the range of principled decisions." *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012) (citations omitted). "This Court reviews de novo whether defendant suffered a deprivation of his constitutional right to present a defense." *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009).

First, the trial court properly determined that it had abused its discretion when it granted the prosecutor's motion to exclude the CPL evidence. "Generally, all relevant evidence is admissible at trial." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001); see also MRE 402. "Evidence which is not relevant is not admissible." MRE 402. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Evidence is "admissible if it is helpful in throwing light on any material point." *Aldrich*, 246 Mich App at 114. " '[T]he relationship of the elements of the charge, the theories of admissibility, and the defenses asserted governs what is relevant and material.' " *People v Brooks*, 453 Mich 511, 520; 557 NW2d 106 (1996), quoting *People v VanderVliet*, 444 Mich 52, 75; 508 NW2d 114 (1993); see also *People v Kevorkian*, 248 Mich App 373, 442; 639 NW2d 291 (2001). "[A] material fact need not be an element of a crime or cause of action or defense but it must, at least, be in issue in the sense that it is within the range of litigated matters in controversy." *Brooks*, 453 Mich at 518 (citations and quotation marks omitted). " '[M]ateriality does not mean that the evidence must be directed at an element of a crime or an applicable defense.' " *Id.*, quoting *People v Mills*, 450 Mich 61, 67-68; 537 NW2d 909 (1995).

The CPL evidence was relevant and admissible. Defendant's argument was that he was innocently present in a flat where someone else had marijuana. A relevant fact was whether defendant was using a handgun in a legal manner. The prosecution specifically argued that defendant's possession of the handgun was evidence that he was involved in selling the marijuana. This argument implied that defendant was not using the handgun in a legal manner. Defendant argued that he was using the weapon in a legal manner. Defendant's CPL evidence lent credibility to his argument that he legally possessed the handgun. Therefore, defendant's testimony that he had a valid CPL was "within the range of litigated matters in controversy."

Second, the trial court did not abuse its discretion when it granted defendant's motion for a new trial. The court rules provide several bases for a trial court to award a defendant a new trial. MCR 2.611(A)(1)(a) provides that a court may grant a new trial "whenever [a defendant's] substantial rights are materially affected [by] . . . an order of the court or abuse of discretion which denied [a defendant] a fair trial." See also *People v Jones*, 203 Mich App 74, 79; 512 NW2d 26 (1993). MCR 6.431(B) provides, that "[o]n the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice." The trial court could have properly granted defendant's motion for a new trial under several bases.

### A NEW TRIAL PURSUANT TO MCR 2.611(A)(1)(a)

The trial court did not abuse its discretion when it determined that the trial court's exclusion of the CPL evidence materially affected defendant's right to

present a defense. "A criminal defendant has a right to present a defense under our state and federal constitutions." *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006). "[A]t a minimum, . . . criminal defendants have the right to . . . put before a jury evidence that might influence the determination of guilt." *Id.* (citation and quotation marks omitted).

The trial court's exclusion of the CPL evidence denied defendant the right to present evidence that supported his argument that he legally possessed the handgun and the right to a fair trial. The prosecution specifically argued that defendant's possession of the handgun was evidence that he was involved in selling the marijuana. This argument implied that defendant was not using the handgun in a legal manner. Whether defendant legally possessed the handgun is an issue that may have influenced the jury's determination of guilt.

### A NEW TRIAL PURSUANT TO MCR 6.431(B)

Even if the trial court improperly granted defendant a new trial pursuant to MCR 2.611(A)(1)(a), the trial court could have granted defendant a new trial on the basis of the fact that the exclusion of the evidence would have required reversal on appeal.[1] "The improper exclusion of evidence supporting [an] important element of the defense theory is error that warrants reversal." *Brooks*, 453 Mich at 520. Defendant's CPL evidence was an important part of his defense because the prosecution implied that defendant was involved in the drug trade because he carried a handgun. Evidence of the

---

[1] This Court "will not reverse when the trial court reaches the correct result for the wrong reason." *People v Witherspoon*, 257 Mich App 329, 335; 670 NW2d 434 (2003).

CPL, substantiating defendant's argument that he legally carried the handgun, would have likely removed this association.

Affirmed.

SAWYER, P.J., and O'CONNELL and K. F. KELLY, JJ., concurred.