# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DONTAY JAMARR ROBINSON-POWELL, also
known as DONTAY POWELL,

Defendant-Appellant.

UNPUBLISHED
January 21, 2016

No. 323034
Wayne Circuit Court
LC No. 13-011427-FH

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of carrying a concealed weapon (CCW), MCL 750.227, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, one count of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), one count of possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*), and possession of marijuana, MCL 333.7403(2)(d). Defendant was sentenced to the mandatory two-year term of imprisonment for the felony-firearm conviction and 18 months' probation for the remaining convictions. We affirm.

Defendant first argues that he was denied a fair trial and his constitutional right to present a defense. In making this argument, defendant first asserts that the trial court erred in denying his motion to suppress evidence related to an AK-47 rifle. Second, defendant argues that his right to due process was violated based on his discovery that a testifying police officer was investigated for police misconduct relating to the collection of evidence.

We review for clear error a trial court's findings of fact during a suppression hearing, while its final conclusion on a motion to suppress is reviewed de novo. *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). Whether a defendant was afforded his constitutional right to present a defense is a legal question that this Court will review de novo. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). However, because defendant's constitutional claim relating to alleged police misconduct was not preserved, we review for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Turning first to defendant's evidentiary challenge, defendant asserts that the trial court erred in admitting the AK-47 rifle because it was irrelevant. "Generally, all relevant evidence is

-1-

admissible at trial," *People v Powell*, 303 Mich App 271, 277; 842 NW2d 538 (2013), unless excluded by MRE 403, *People v Feezel*, 486 Mich 184, 197; 783 NW2d 67 (2010). Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; see also *Powell*, 303 Mich App at 277. "Relevance involves two elements, materiality and probative value. Materiality refers to whether the fact was truly at issue." *People v Benton*, 294 Mich App 191, 199; 817 NW2d 599 (2011) (citation and quotation marks omitted). Evidence is probative if it "tends to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence [.]" *Feezel*, 486 Mich at 197 (citation and quotation marks omitted). MRE 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Because all relevant evidence is considered prejudicial, only evidence that is unfairly prejudicial will be excluded. *People v Danto*, 294 Mich App 596, 600; 822 NW2d 600 (2011). "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *Id*. (citation omitted).

Here, police entered a Detroit residence pursuant to a valid felony warrant. Upon entering, police saw defendant laying on a couch in the living room. The disputed AK-47 was leaning against a wall near defendant. For safety reasons, police proceeded to search defendant, revealing drugs and a handgun. The AK-47 was admitted at trial over defendant's objection. We disagree with defendant that the trial court erred in admitting the AK-47 rifle. Admission of the AK-47 rifle was relevant to the issue of how the police conducted themselves when they entered the residence. More specifically, the evidence of the AK-47 rifle and how it was discovered by the police was probative of why the police searched defendant and found incriminating evidence of a handgun and drugs on his person. The evidence was also of particular import with regard to defendant's credibility because defendant's defense at trial was that he did not have any handguns or drugs in his possession and his version of the events leading to his arrest and search of his person varied greatly from that of the police. Finally, the discovery of the AK-47 rifle was relevant because defendant asserted at trial that the rifle was not in the living room of the residence. In addition, our thorough review of the record did not yield any evidence of unfair prejudice to defendant resulting from the admission of the rifle as contemplated by MRE 403.

Moreover, any error regarding the admission of evidence would not be grounds for reversal of defendant's convictions unless, after reviewing the record as a whole, "it affirmatively appears that it is more probable than not that the error was outcome determinative." *King*, 297 Mich App at 472. A review of the record confirms that defendant has not met this burden. The record evidence confirmed that the police searched defendant and found drugs and a firearm on his person.[1]

---

[1] Defendant also asserts that reference to the AK-47 as an "assault rifle" during trial was unduly prejudicial. However, defendant does not support his argument with record evidence or legal

Second, we address defendant's contention that alleged police misconduct denied him of his right to a fair trial and his right to present a defense. Every individual is entitled to a fair trial, a bedrock principle of which is the presumption of innocence. *People v Rose*, 289 Mich App 499, 517; 808 NW2d 301 (2010). "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *People v Unger*, 278 Mich App 210, 249; 749 NW2d 272 (2008).

On appeal, defendant points to a Detroit News article dated January 22, 2015, in which it was reported that a Detroit police officer James Napier took his own life. According to police sources cited in the article, the Federal Bureau of Investigation (FBI) and Detroit Police Internal Affairs were investigating Napier. Napier was involved in defendant's case. He secured the AK-47 rifle in the Detroit residence and testified against defendant at trial. On appeal, defendant claims that this violated defendant's right to a fair trial. However, contrary to defendant's assertions on appeal, there was no record evidence of police misconduct or wrongdoing impacting his right to a fair trial. Further, we are unconvinced that defendant was deprived of his right to put forth a defense where he testified on his own behalf and also presented testimony from his codefendant Terrell Jackson (Jackson) and joint defense witness Willy Thomas (Thomas), which served to bolster his defense. Accordingly, defendant has failed to show plain error affecting his substantial rights. *Carines*, 460 Mich at 763.

Defendant next argues that there was insufficient evidence to support his convictions. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id*. "This Court resolves all conflicts regarding the evidence in favor of the prosecution," *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012), and "[q]uestions of credibility are left to the trier of fact and will not be resolved anew by this Court," *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999).

In this case, defendant was convicted of felony-firearm, MCL 750.227b(1), carrying a concealed weapon, MCL 750.227, one count of possession of marijuana, MCL 333.7403(2)(d), one count of possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*), and one count of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*). To convict defendant of felony-firearm, the prosecution was required to prove that defendant possessed a firearm during the commission of, or his attempt to commit, a felony. *Avant*, 235 Mich App at 505. To convict defendant of carrying a concealed weapon, the prosecution must establish that defendant knowingly carried a concealed weapon. MCL 750.227. To prove that defendant was guilty of

support, only summarily asserts that the terminology constituted unfairly prejudicial "other acts" evidence. Accordingly, this issue has been abandoned. *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.").

the possession of narcotic offenses, the prosecution needed to establish that defendant had dominion or control over the subject narcotic. See *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003).

In regard to all of his offenses, defendant asserts that the only evidence supporting his convictions was the "questionable" testimony of police officers. Defendant also summarily argues that there was no physical evidence linking him to the handgun or drugs in question, which we presume refers to the lack of fingerprint or other forensic type of evidence. Defendant supports his claims by relying on his own testimony, as well as the testimony of Jackson and Thomas. However, Detroit Police Officer LaMar Penn testified that he confiscated heroin, cocaine, marijuana, and a handgun directly from defendant. Conflicts in the evidence must be resolved in favor of the prosecution. *Lockett*, 295 Mich App at 180. Moreover, defendant's claim centers on the credibility of the witnesses, and credibility determinations will not be resolved anew on appeal. *Avant*, 235 Mich App at 506. Accordingly, based on the record, there was sufficient evidence to support defendant's convictions.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood