# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

           Plaintiff-Appellee,

v

CHAD MARTIN PURCEY,

           Defendant-Appellant.

UNPUBLISHED
February 23, 2017

No. 330877
Kent Circuit Court
LC No. 14-010879-FH

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

A jury convicted defendant of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84. The trial court sentenced defendant within the guidelines as a second-offense habitual offender, MCL 769.10, to 48 to 180 months' imprisonment, with credit for 51 days served. Defendant appeals his conviction and sentence by right. We reverse and remand for a new trial.

This case arises from an altercation that occurred on the second floor of a duplex apartment home. The victim was visiting his two brothers, who lived with defendant on the second floor of the house. The victim and his brothers decided to pool their money to buy a meal. Defendant initially contributed $10 to order food, but he later retracted his order and took his money back.

The victim's version of the events is that he went to defendant's bedroom to discuss the food and payment situation. The victim said he was standing in the doorway of defendant's bedroom when defendant began screaming and cussing at the victim. Defendant tried to slam his door. When he did, the victim claims he put his arms up, and the door hit him, causing the top hinges to break. Defendant pulled the door back open. When he did, the bottom hinges fell off, and the door came detached from the frame completely. Defendant then grabbed a knife with a 16-inch blade from his room and tried to stab the victim in the stomach. The victim stated he blocked the knife by grabbing the blade with his left hand, which resulted in serious injuries to three fingers. The victim and his brothers then barricaded themselves inside of one of the brother's bedroom and called the police. A Grand Rapids Police officer arrested defendant.

A Grand Rapids Police officer interviewed defendant the following day at the Kent County Correctional Facility. The interview was recorded and was played to the jury during defendant's trial. In the interview, defendant stated that he felt he was the victim. He stated that

-1-

he tried to remove himself from the situation by shutting his door. According to defendant, when he shut his door, all three brothers together busted the door down on top of him. He pulled out a knife that he kept in his room, and the brothers ran away. Defendant felt that the brothers were "angry . . . at [him]" because he would not pay for their chicken. He also believed that the victim was confronting him for getting "smart" with one of the brothers. He further stated that when the brothers broke defendant's door down, defendant grabbed a knife "just in case." When asked how the victim cut his hand, defendant stated, "So just [sic] sort of grabbed [the knife], and maybe I went like this or something. I don't know. They're in my room, three of them. You know, obviously, they wanted to do some harm to me."

At trial, the court excluded a jury instruction on self-defense over defendant's objection. The trial court ruled that because defendant did not testify, the instruction was not warranted. After being convicted, defendant moved for a new trial, arguing that the recorded interview established a prima facie case of self-defense, and that the jury should therefore have been instructed on its elements. The court recognized its error at trial of requiring defendant to testify in order to merit the self-defense instruction. See *People v Hoskins*, 403 Mich 95, 100; 267 NW2d 417 (1978) ("A defendant need not take the stand and testify in order to merit an instruction on self-defense."). Nevertheless, the trial court denied defendant's motion for new trial by concluding that the evidence was insufficient for a rational jury to find that defendant honestly and reasonably believed he was in danger of imminent death or imminent great bodily harm. The trial court further reasoned that, even if the instruction was warranted, it was harmless error to exclude it because the jury convicted defendant of AWIGBH rather than the lesser-included offense of assault with a dangerous weapon.

On appeal, defendant argues that the trial court deprived him of his constitutional rights to present a defense and to a properly instructed jury when it refused defendant's request for a self-defense jury instruction. We agree.

Claims of instructional and constitutional error are reviewed de novo. *People v McGhee*, 268 Mich App 600, 606, 625; 709 NW2d 595 (2005). But the trial court's determination whether a jury instruction applies to the facts of a case is reviewed for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). We also review for an abuse of discretion a trial court's decision to grant or deny a motion for a new trial. *People v Powell*, 303 Mich App 271, 276-277; 842 NW2d 538 (2013). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

The elements of self-defense are: (1) defendant has not or is not engaged in the commission of a crime at the time he uses force, (2) defendant is somewhere he has a legal right to be, and (3) defendant honestly and reasonably believed that the use of force is necessary to defend himself from imminent death or imminent great bodily harm. MCL 780.972(1). In order to avail himself of a self-defense claim, defendant must produce some evidence on all elements of the defense before the trial court is required to instruct the jury. *People v Guajardo*, 300 Mich App 26, 34-35; 832 NW2d 409 (2013).

Self-defense is an affirmative defense. *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010). An affirmative defense requires the factfinder to determine that the defendant acted

-2-

intentionally, but the actions were excused or justified. *Id*. "The defendant bears the burden of establishing that the asserted instructional error resulted in a miscarriage of justice." *Id*. at 702, citing MCL 769.26.

In this case, evidence was presented at trial from which the jury could have drawn reasonable inferences supporting all of the elements of self-defense. Regarding the first and second elements of self-defense, according to defendant, when the situation occurred, he was not in the commission of a crime, as he was attempting to remove himself from a confrontation. Additionally, defendant was in his own bedroom, where he had a legal right to be.

A rational jury could also find from the evidence that defendant, having failed to exclude three angry men from his own room, honestly and reasonably believed that the use of force was necessary to defend himself from imminent death or imminent great bodily harm. Defendant stated that the three men in his room wanted to harm him. The evidence is that door was broken off its hinges and fell in toward defendant. In his interview, defendant stated the brothers broke the door down. While there was evidence to contradict defendant's claim of self-defense, "[t]he sufficiency of this theory was for the jury to decide under proper instructions on self-defense from the trial judge." *Hoskins*, 403 Mich at 100.

We also disagree with the trial court that the error of not permitting a properly instructed jury to consider the evidence regarding defendant's claim of self-defense was harmless. Jury instructions must address each element of the offense charged, as well as defenses and theories of the parties that are supported by the evidence. *People v Wess,* 235 Mich App 241, 243; 597 NW2d 215 (1999). In this case, the trial court refused to instruct on defendant's defense that had evidentiary support. " 'In order to overcome the presumption that a preserved nonconstitutional error is harmless, a defendant must persuade the reviewing court that it is more probable than not that the error in question was outcome determinative.' " *People v Rodriguez*, 463 Mich 466, 474; 620 NW2d 13 (2000) (citation omitted). Again, in this case, the evidence supported that three angry men confronted defendant in his own room to the point of breaking his door while defendant was attempting to exclude them. Under these circumstances, where the jury was given no instruction regarding the sole defense of defendant, we can only conclude that the error undermined the reliability of the verdict, and thus was outcome determinative. *Id*.

In sum, the trial court abused its discretion by initially refusing to instruct the jury on defendant's claim of self-defense, *Gillis*, 474 Mich at 113, and in denying defendant's motion for new trial, *Powell*, 303 Mich App at 276-277. Both of these decisions resulted in an outcome outside the range of reasonable and principled outcomes. *Id*. at 277; *Unger*, 278 Mich App at 217. The instructional error was not harmless because it undermined the reliability of the verdict and therefore was outcome determinative. *Rodriguez*, 463 Mich at 474.

We reverse and remand for a new trial. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Kelly

-3-