# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 5, 2017

    Plaintiff-Appellee,

v

No. 333846
Kent Circuit Court
LC No. 15-008470-FC

BRIAN DAVID MACKSEY,

    Defendant-Appellant.

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals his jury convictions of one count of first-degree criminal sexual conduct, MCL 750.520b(2)(b), and two counts of second-degree criminal sexual conduct, MCL 750.520c(2)(b). Defendant was sentenced to concurrent prison terms of 25 to 45 years for the first-degree criminal sexual conduct conviction and 5 to 15 years for each of the second-degree criminal sexual conduct convictions. Although, we find that the trial court erred in excluding relevant evidence, we affirm because we conclude that the error was harmless.

Defendant was charged with having sexually assaulted the daughter of his girlfriend. She did not report the alleged assaults until two years after they occurred. The victim testified that she did not tell anyone about the sexual assaults because defendant asked her not to tell anyone, she was afraid of defendant and did not think that he could feel pain,[1] she was afraid that defendant would hurt her family, and she was unsure if defendant had actually left the State.

Defendant maintained that the alleged assaults never occurred and relied, in part, on the lengthy delay in reporting, and planned to introduce evidence that complainant had been sexually assaulted by an older boy on a school bus, and that she reported it promptly. The defense argued

---

[1] The victim explained that she once saw defendant hold his arm over a lighter without moving it.

that this would demonstrate that the complainant knew to report such assaults to an adult and was not afraid to do so.[2]

On the first day of trial the prosecution moved to exclude evidence of the prior sexual assault incident. The prosecution argued that the evidence should be excluded under the Michigan rape shield law, MCL 750.520j. Defense counsel argued that the rape-shield statute did not apply because he did not intend to question the victim about the facts and circumstances of the assault on the bus. He claimed that he wanted to demonstrate that the victim knew to tell somebody if something bad happened. More specifically, the defense argued that the introduction of the evidence was necessary to counter the anticipated testimony of the prosecution's expert witness, Thomas Cottrell, who would testify that it was normal for children to delay disclosure of sexual assaults. The trial court stated that it had concerns whether the previous incident was relevant to the instant case, considering the different facts, but stated that it would reserve its ruling on the issue pending Cottrell's testimony. Cottrell testified as expected after which defense counsel did not ask the court to again rule on the admissibility of the prior report evidence.

Defendant first argues that the trial court violated his constitutional rights to due process and to present a defense by excluding the proposed evidence. We agree that the trial court abused its discretion when it excluded the evidence because it was relevant.[3]

As an initial matter, we reject defendant's contention that the trial court excluded the proposed evidence under the Michigan rape shield statute, MCL 750.520j. Although the prosecution objected to the inclusion of the evidence arguing that it violated MCL 750.520j, this was not the basis for the trial court's ruling, which was instead based on relevancy. Accordingly, we will analyze the issue whether the trial court abused its discretion in excluding the proposed evidence as irrelevant.

"Generally, all relevant evidence is admissible at trial." *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). MRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Evidence is admissible is admissible if it is helpful in throwing light on any material point." *People v Powell*, 303 Mich App 271, 277; 842 NW2d 538 (2013) (quotation marks and citation omitted).

---

[2] According to defense counsel, the complainant reported the school bus incident to defendant who advised complainant's mother who in turn reported it to the police.

[3] A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 247; 749 NW2d 272 (2008). A trial court abuses its discretion when it chooses an outcome that is outside of the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008). "This Court reviews de novo whether defendant suffered a deprivation of his constitutional right to present a defense." *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009).

In determining relevance, we must consider two concepts: materiality and probative force. *People v Brooks*, 453 Mich 511, 517-518; 557 NW2d 106 (1996). Materiality requires us to determine whether the fact to be proven by the evidence was truly an issue. *Id*. at 518. In other words, "Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial." *Id*.

We hold that the proposed evidence was within the range of the issues litigated at trial. *Brook*, 453 Mich at 518 (holding that a material fact must at least be "within the range of litigated matters in controversy") (citation omitted). In the instant case, the victim did not report the sexual assaults until almost two years later. Cottrell testified that it was common for child victims to choose not to report the sexual assault right away. The proposed evidence, that the victim immediately reported a prior sexual assault, was material to the issue that she knew how to report when something bad happened to her.

Similarly, we hold that the proposed evidence was probative. "Probative force is the 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Brooks*, 453 Mich at 518. Therefore, "any tendency is sufficient probative force." *Id.* (quotation marks and citation omitted). Because the proposed evidence has the tendency to show that the victim knew how to immediately report a sexual abuse, it was probative and admissible.

Accordingly, the proposed evidence was relevant and material, and should have been admitted with appropriate limitations as to details of the prior incident.

Nevertheless, we affirm defendant's conviction because we conclude that the error did not undermine the reliability of the verdict or it was more probable than not that the exclusion of the evidence was outcome determinative. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999); *People v Rodriguez*, 463 Mich 466, 474; 620 NW2d 13 (2000).

Defendant argues that the proposed evidence was necessary to demonstrate that the victim knew to promptly report a sexual assault, and to support his claim that the two-year delay in her report of defendant's actions was evidence that the accusations were false. However, there was other evidence that the victim knew how to report such an assault. The victim testified that she knew that she could have told the police, her teacher, or her school principal, and did not assert that she failed to report in this case due to any lack of knowledge or the need to make such a report or how to do so. Given this testimony, and the inculpatory evidence at trial, we conclude that defendant has not shown that it was more probable than not that the exclusion of the evidence affected the outcome of the trial or undermined the reliability of the jury's verdict. Therefore, defendant has not shown that he is entitled to a new trial on this basis.

Defendant next argues that he received ineffective assistance of counsel because trial counsel failed to re-raise this issue after Cottrell testified. Given that the trial court stated on several occasions that it was prepared to reconsider the issue at that time, we agree that defense counsel's failure to ask the court to do so fell below the objective standard of reasonableness. However, even where a defendant shows that counsel did not perform adequately, reversal is only granted when "there is a reasonable probability that, but for counsel's error, the result of the

proceedings would have been different." *People v Schrauben,* 314 Mich App 181, 190; 886 NW2d 173 (2016). As just discussed, we conclude that admission of the evidence would not have resulted in a reasonable likelihood of a different result.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro