# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JONTELE SWANSON-DEVILL GOODWIN,

Defendant-Appellant.

UNPUBLISHED
June 19, 2018

No. 337329
Monroe Circuit Court
LC No. 16-242675-FH

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of possession with intent to deliver less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*), three counts felon in possession of a firearm, MCL 750.224f(2), felon in possession of ammunition, MCL 750.224f(6), and possession of a firearm during commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 132 to 360 months for each possession with intent to deliver conviction and 36 to 360 months for each felon-in-possession conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. We affirm.

On March 15, 2016, officers assigned to the Monroe Area Narcotics Team and Investigative Services (MANTIS) arranged a controlled buy in which an informant purchased heroin from defendant at a residence on Sigler Road in Monroe County. Defendant was renting a room in the house and allegedly supplied the owner with heroin in lieu of paying rent. On the morning of March 16, 2016, police officers searched the residence pursuant to a search warrant. The search uncovered suspected narcotics packaged in preparation for sale. Laboratory analysis revealed that the seized substances were heroin and crack cocaine. Officers also found three firearms and ammunition in the room occupied by defendant.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant raises claims of ineffective assistance of counsel. Defendant did not raise these claims in a motion for a new trial or a request for an evidentiary hearing in the trial court.

-1-

Although defendant filed a motion in this Court to remand for a *Ginther*[1] hearing, the motion was limited to defendant's claim pertaining to counsel's failure to request a *Franks*[2] hearing. In any event, this Court denied the motion. "When, as in this case, an evidentiary hearing has not been held, our review is limited to mistakes apparent from the record." *People v Thorne*, 322 Mich App 340, 347; ___ NW2d ___ (2017). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). To establish ineffective assistance of counsel, a defendant must show that "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial could have been different." *Id.* at 188 (citations omitted). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017). A defendant "bears the burden of establishing the factual predicate for his claim." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (quotation marks and citation omitted).

## A. FAILURE TO STIPULATE TO PRIOR FELONIES

Defendant argues that defense counsel, instead of stipulating to the bare fact that he was a convicted felon and ineligible to possess a firearm or ammunition, was ineffective for stipulating to the specific facts that he was previously convicted of assault with a dangerous weapon and unarmed robbery. He contends that this allowed the prosecutor to exploit the unnecessarily broad stipulation by repeatedly reminding the jury that defendant had a past history of violent offenses. The record does not fully support defendant's factual assertion.

The record discloses that defense counsel agreed before trial to stipulate that defendant was previously convicted of unarmed robbery, felonious assault, and uttering and publishing a false instrument. However, the trial record does not indicate that this stipulation was, in fact, presented to the jury. The prosecutor referred to the stipulation in opening statement and closing argument, but the stipulation was not actually introduced at trial, and the trial court instructed the jury that the attorneys' statements are not evidence. Defendant's status as a convicted felon was independently established by defendant's probation officer, Lori Lehmann, who testified at trial that defendant was on probation for an unspecified felony conviction on March 15-16, 2016. Defendant contends that he was prejudiced by the jurors' knowledge that he was convicted of unarmed robbery and assault with a dangerous weapon, but other than the prosecutor's statements during opening statement and closing argument, the factual basis of defendant's argument is not supported by the record. Although defense counsel's statement at the pretrial hearing can be construed as a stipulation that defendant was previously convicted of the specific offenses of unarmed robbery and felonious assault, there is no record establishing that this stipulation was actually presented to the jury.

---

[1] *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973).

[2] *Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

-2-

In analyzing a claim of ineffective assistance, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002), quoting *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). There is no apparent strategic basis for disclosing defendant's felonies instead of stipulating to the fact that he was a felon ineligible to possess a firearm. See *Old Chief v United States*, 519 US 172, 185; 117 S Ct 644; 136 L Ed 2d 574 (1997); *People v Swint*, 225 Mich App 353, 378; 572 NW2d 666 (1997). But because the record does not establish that the challenged stipulation was actually presented to the jury, defendant cannot establish that he was prejudiced by counsel's stipulation.

Defendant also argues that he was prejudiced by the stipulation to the extent that it permitted disclosure of his recent parole and probation status at the time of the charged offenses. As indicated, however, the stipulation was not actually presented to the jury. Lehmann's testimony that defendant was on probation for an unspecified felony is comparable to the non-specific stipulation that defendant argues was the appropriate strategy. Accordingly, this portion of defendant's argument is also without merit.

## B. FAILURE TO REQUEST *FRANKS* HEARING

Defendant argues that defense counsel was ineffective for failing to request a *Franks* hearing for the purpose of challenging the credibility of the informant named in the affidavit that was submitted in support of the search warrant. We disagree.

The United States and Michigan Constitutions provide that a search warrant may be issued only on a showing of probable cause, supported by oath or affirmation. US Const, Am IV; Const 1963, art 1, § 11; *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017). In *Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978), the United States Supreme Court addressed "whether an individual may be constitutionally entitled to challenge the *veracity* of a warrant affidavit after the warrant has been issued." *Franklin*, 500 Mich at 102 (emphasis in original). The Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." See also *People v Martin*, 271 Mich App 280, 311-312; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008). The Court in *Franks* summarized the standards a defendant must satisfy to obtain an evidentiary hearing:

> In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their

absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue. [*Franks*, 438 US at 171-172.]

Defendant argues that Detective Sean Street's affidavit was deficient because it failed to address the informant's veracity or reliability. In fact, the affidavit states, "Affiant certifies that the CI is credible and reliable accredited to the below listed facts gathered by Affiant . . . ." Moreover, the affidavit states that the informant's information regarding defendant's narcotics dealings at the Sigler Road residence was corroborated by an anonymous source. Defendant notes that the informant was compensated for participating in the controlled buy, which defendant argues likely affected his credibility. However, the purpose of a *Franks* hearing is to address the veracity of the affiant, not an informant. See *Franklin*, 500 Mich at 102; *Martin*, 271 Mich App at 311-312. Defendant raises disparities between Street's trial testimony and the affidavit, but none of these rises to the level of a material discrepancy. At most, defendant has shown some minor discrepancies that do not rise to the level of a deliberate falsehood or reckless disregard of the truth. *Franks*, 438 US at 471-472. Accordingly, defendant has failed to make a sufficient preliminary showing of a false statement entitling him to a *Franks* hearing.

Defendant's failure to establish grounds for a *Franks* hearing negates both prongs of the test for ineffective assistance of counsel. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## II. PROSECUTORIAL MISCONDUCT

Defendant argues that misconduct by the prosecutor denied him a fair trial. To preserve a claim of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defendant failed to object to the conduct that he challenges here, leaving his claims unpreserved.

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). "The defendant bears the burden of demonstrating that such an error resulted in a miscarriage of justice." *Id*. "Allegations of prosecutorial misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context." *Bennett*, 290 Mich App at 475. "Unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting substantial rights." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011).

## A. INFLAMMATORY STATEMENTS

Defendant argues that the prosecutor made inflammatory arguments and injected issues unrelated to his guilt or innocence of the charged offenses, with the intent to prejudice the jurors against him. This argument is based on the prosecutor's remarks in her opening statement that defendant was still on probation for assault with a dangerous weapon and that he had been on parole for unarmed robbery until January 2016. He argues that these statements were irrelevant, unfairly prejudicial, and unsupported by evidence.

"The prosecutor may not inject issues into a trial that are broader than the defendant's guilt or innocence." *People v Lane*, 308 Mich App 38, 66; 862 NW2d 446 (2014). "Although a prosecutor may not argue facts not in evidence or mischaracterize the evidence presented, the prosecutor may argue reasonable inferences from the evidence." *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001).

The parties agreed at a pretrial hearing to stipulate to defendant's prior convictions of assault with a dangerous weapon and unarmed robbery. Although defendant now argues that trial counsel should not have entered into this stipulation, the stipulation entitled the prosecutor to anticipate that this evidence would be admitted. Ultimately, the stipulation was not entered into evidence, and Lehmann did not give testimony supporting the statement that defendant recently completed parole for unarmed robbery. "Opening statement is the appropriate time to state the facts that will be proved at trial." *Ericksen*, 288 Mich App at 200. In light of the pretrial stipulation, the prosecutor legitimately anticipated that this evidence would be admitted. Further, the prosecutor simply stated the information, without inflammatory or emotional language, and presented it in the proper context of addressing defendant's eligibility to possess a firearm or ammunition, and not for a purpose of attacking defendant's character. Accordingly, the prosecutor's statement was not inflammatory or designed to prejudice the jury against defendant. Although the prosecutor's statements could be considered plain error to the extent that the agreed stipulations were not actually entered into evidence, thus leaving the identity of defendant's convictions and his recent parole status unsupported by evidence, these errors did not affect defendant's substantial rights considering (1) that defendant was not contesting the identity of his prior convictions or recent parole status, and (2) Lehmann testified that defendant was a convicted felon who was on probation at the time of the charged offenses. Accordingly, defendant is not entitled to appellate relief on the basis of this unpreserved issue. *Brown*, 294 Mich App at 382.

## B. EVIDENCE REGARDING FENTANYL

Defendant also argues that the prosecutor elicited inflammatory and irrelevant testimony concerning the hazards of fentanyl. This argument pertains to Street's testimony regarding a photograph depicting latex gloves that were recovered during the search. The prosecutor initially asked Street the open-ended question "And [Exhibit] 44?" Street replied, "Just latex gloves," but then added that fentanyl had become a hazard when handling heroin. The prosecutor then asked if the State Police had issued new protocols for handling narcotics. Street replied affirmatively, and added that several police officers had been injured from exposure to fentanyl, including a recent incident in which 12 officers required treatment by Narcan.

"The prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). Defendant argues that Street's testimony regarding fentanyl was irrelevant and unfairly prejudicial. "Generally, all relevant evidence is admissible at trial," while "[e]vidence which is not relevant is not admissible." *People v Powell*, 303 Mich App 271, 277; 842 NW2d 538 (2013); MRE 402. "Relevant evidence is evidence that has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Powell*, 303 Mich App at 277, quoting MRE 401. "[A] material fact need not be an element of a crime or cause of action or defense but it must, at least, be in issue in the sense that it is within the range of litigated matters in controversy." *Powell*, 303 Mich App at 277 (citation and quotation marks omitted).

Street was qualified as an expert in narcotics law enforcement. Accordingly, he was permitted to give testimony that would "assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." MRE 702. Within the scope of his expertise, he explained how items such as Chore Boy pads, Zig-Zag rolling papers, and lottery tickets were related to drug use and drug dealing. The prosecutor's question regarding latex gloves was similarly related to the prosecutor's efforts to link items found in the house to drug dealing. Street's testimony that drug dealers and other persons handling narcotics in powdered form use latex gloves to protect themselves from fentanyl was relevant to explaining how this evidence further supported a finding that the drugs found in the Sigler Road house were related to drug dealing. Although there was no evidence that any of the heroin defendant possessed, sold, or handled contained fentanyl, evidence that defendant had latex gloves was relevant to whether he possessed narcotics with the intent to sell. Moreover, the evidence was not unfairly prejudicial. Street did not testify or imply that defendant had any connection to incidents in which police officers were exposed to fentanyl.

Furthermore, the prosecutor's question regarding protocols for handling powdered narcotics did not necessarily anticipate that Street would volunteer the information regarding the recent incident involving 12 injured officers. "As a general rule, unresponsive testimony by a prosecution witness does not justify a mistrial unless the prosecutor knew in advance that the witness would give the unresponsive testimony or the prosecutor conspired with or encouraged the witness to give that testimony." *People v Hackney*, 183 Mich App 516, 531; 455 NW2d 358 (1990). In the absence of any clear indication that the prosecutor intentionally elicited testimony about the dangers of fentanyl, defendant cannot establish a plain error affecting his substantial rights. *Brown*, 294 Mich App at 382.

## C. STATEMENTS REGARDING WITNESS'S FEAR

Defendant argues that the prosecutor exceeded the permissible scope of arguing that a defense witness, Goltowski, "might be afraid of him. I'm not—we're not sure why. That's not in evidence but it appears she's trying to help him with her testimony." Defendant argues that these statements implied to the jury that the prosecutor had special knowledge that Goltowski's

testimony was motivated by fear. Defendant argues that the potential for unfair prejudice was especially strong because the attorneys made their arguments after the trial court instructed the jury, leaving the jurors susceptible to the prosecutor's influence.[3]

"A prosecutor may not make a factual statement to the jury that is not supported by the evidence, . . . but he or she is free to argue the evidence and all reasonable inferences arising from it as they related to his or her theory of the case . . . ." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007) (citations omitted). A prosecutor may not argue that he or she has some special knowledge, unknown to the jury, concerning a witness's truthfulness. *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). In this case, it was reasonable for the prosecutor to infer that Goltowski's testimony was not truthful. The prosecutor referenced Street's testimony and Goltowski's admission that she had stated, the day before her testimony, that she never saw drugs in the house, contrary to her trial testimony that she was intoxicated during the raid, and that she knew items were seized from the house during the raid. The prosecutor noted that defendant had guns in the house. Moreover, the prosecutor did not imply that she had any special knowledge that Goltowski was afraid of defendant. Indeed, the prosecutor acknowledged that there was no direct evidence of Goltowski's fear and conceded "we're not sure why" and "[t]hat's not in evidence." We disagree with defendant's argument that the prosecutor was attempting to evade the trial court's pretrial ruling denying the prosecutor's motion to admit evidence of defendant's solicitation to murder two witnesses. The prosecutor made no reference to that evidence and acknowledged there was no evidence explaining why the witness might be afraid of defendant. Further, the prosecutor's statements at defendant's sentencing, urging the trial court to rely on the solicitation charges to score offense variable 19 (interference with the administration of justice), MCL 777.39, have no bearing on how the jury perceived the prosecutor's remarks at trial. Accordingly, there was no plain error.

Because defendant has not established any individual errors by the prosecutor, his argument that the cumulative effect of multiple errors by the prosecutor denied him a fair trial is without merit. *Dobek*, 274 Mich App at 106.

### III. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief, filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, none of which have merit.

### A. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence was insufficient to support his convictions. "A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

---

[3] Contrary to what defendant asserts, the record discloses that the prosecutor made this statement during her main closing argument, not her rebuttal argument.

Defendant's sole argument is that one item of evidence, Exhibit 65, was not subjected to laboratory analysis, but was only field tested. However, other laboratory reports, admitted by stipulation as Exhibits 50 through 53, stated that items of evidence were analyzed and determined to contain .9 grams of heroin, 7.2 grams of crack cocaine, and cocaine in the amounts 6.6 grams and 3.2 grams, respectively. The evidence was sufficient to support defendant's convictions, even without Exhibit 65.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that defense counsel was ineffective for failing to adequately investigate defendant's alibi defense. He asserts that because Troyneisha Patterson testified that she was not sure of the exact time that she drove defendant to an auto repair shop on March 15, defense counsel should have called the owner of the repair shop to support the alibi defense.

Defense counsel is obligated to prepare, investigate, and present all substantial defenses. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). "A substantial defense is one that might have made a difference in the outcome of the trial." *Id.* Decisions concerning which witnesses to call are matters of strategy. *Solloway*, 316 Mich App at 189. Failure to call a witness constitutes ineffective assistance only if the defendant is deprived of a substantial defense. *Id.*

Patterson testified that she dropped off defendant to pick up his car from a repair shop at 4:00 p.m., and that he remained with her until 7:00 or 8:00 p.m. This testimony placed defendant away from the Sigler Road home at the time the informant called defendant about the controlled buy at 5:30 p.m. Patterson's credibility was undermined by the conflict between her testimony and a text message on defendant's phone, in which he informed another person at 2:30 p.m. that he had just picked up his car. Patterson also admitted that she did not remember exact times, that she did not come forward with her information after defendant's arrest, and that she was uncooperative when questioned by Detective Streets. Therefore, defendant argues, defense counsel should have investigated the owner of the repair shop as a potential alibi witness. Even if it would have been prudent to investigate the repair shop owner, defendant has not provided any offer of proof indicating whether this witness could have given favorable alibi testimony. Accordingly, defendant has not established that he was deprived of a substantial defense. *People v Pickens*, 446 Mich 298, 327; 521 NW2d 797 (1994); *Solloway*, 316 Mich App at 189.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood